UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SYLVESTER CHARLES, | § § | |
| Plaintiff, | § § | |
| v. | § § | EP-13-CV-00193-DCG |
| HECTOR GUTIERREZ SANCHEZ, and TRANSPORTADORA NORTE DE CHIHUAHUA, | § § § § | |
| Defendants. | § § | |

## ORDER DENYING DEFENDANTS' MOTION

Presently before the Court is a "Motion to Exclude Evidence of Lost Wages/Wage Earnig [(sic)] Capacity and Medical Expenses" ("Lost Wages Motion") (ECF No. 140), filed by Defendants Hector Gutierrez Sanchez and Transportadora Norte de Chihuahua S.A. de C.V. (collectively "Defendants") on February 9, 2015. Plaintiff responded to the Lost Wages Motion on February 16, 2015, and Defendants replied on February 23, 2015. *See* Pl.'s Resp., ECF No. 141; Defs.' Reply, ECF No. 164. After reviewing the parties' filings and applicable law, the Court hereby enters the following order.

### I. BACKGROUND

On or about January 4, 2013, Plaintiff filed his Original Petition in the County Court at Law Number Six of El Paso County, Texas, against Defendants. *See* Notice of Removal, Ex. A at 1, ECF No. 1. Therein, Plaintiff alleges that on September 19, 2011, he was injured in a motor

vehicle accident as a result of Defendants' negligence and seeks damages under Texas law. *Id.* at 3–6. On May 23, 2013, Plaintiff filed his First Amended Petition in state court. *Id.* at 34.[1]

On June 14, 2013, Defendants removed the above–styled cause to this Court. *See* Notice of Removal 1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties conducted their required planning conference on January 31, 2014. *See* ECF No. 23. On February 21, 2014, the Court issued its Scheduling Order. *See* ECF No. 25. The Scheduling Order set the deadline for discovery as August 21, 2014. *Id.* at 2. The parties subsequently agreed to mutually extend the deadline to September 1, 2014. *See* Stipulation to Extension of Time for Discovery, ECF No. 49.

On March 5, 2014, Plaintiff provided Defendants "Plaintiff's Answers to Interrogatories and Response to Request for Production, Exhibit List and Witness List." *See* ECF No. 27. On February 6, 2015, Plaintiff filed his "Supplemental Rule 26 Disclosures." *See* ECF No. 135. His initial disclosures were subsequently amended on February 8, 2015. *See* Pl.'s Am. Supplemental Rule 26 Disclosures, ECF No. 137.

## II. ANALYSIS

Defendants seek to exclude all evidence of Plaintiff's lost wages/wage earning capacity and medical expenses on the grounds that they were not timely disclosed. *See* Lost Wages Mot. 1. Defendants argue that Plaintiff has exhibited a pattern of delay in responding to discovery requests and that Plaintiff's failure to provide the required information has prejudiced them. *See id.* ¶¶ 21–24. Plaintiff responds that his disclosure was not untimely. *See* Pl.'s Resp. ¶¶ 9, 13. In the alternative, Plaintiff argues that even if his disclosure was untimely, any failure to provide the damage computations is harmless. *See id.* ¶¶ 10–11, 15–18.

---

[1] The Court adopts and cites to ECF pagination in lieu of this particular document's internal document numbering.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party . . . ." Parties are required to make this disclosure at or within fourteen days of the Rule 26(f) discovery planning conference. *See* Fed. R. Civ. P. 26(a)(1)(C). The parties conducted their conference on January 31, 2014. *See* ECF No. 23. The damages computations were therefore due on February 14, 2014.

Plaintiff's first attempt at providing the information was in his March 5, 2014, "Answers to Interrogatories and Response to Request for Production, Exhibit List and Witness List." This document, although not titled as such, appears to have served the purpose of a Rule 26 initial disclosure because it contained a witness list, a production of documents used to support Plaintiff's claim, and a statement that Plaintiff was unable to itemize his lost wages or wage earning capacity at the time. Plaintiff ultimately provided the damages computations on February 6, 2015, and again on February 8, 2015. *See* ECF Nos. 135, 137.

Regardless of whether Plaintiff's March 5, 2014, document was a proper Rule 26 initial disclosure, or whether Plaintiff's disclosures in February 2015 were his first disclosures, Plaintiff was late. It is undisputed that Plaintiff did not provide any information responsive to Rule 26(a) prior to the February 14, 2014, deadline. Plaintiff's two subsequent attempts at supplementation in February 2015 were likewise untimely not only because they were made beyond the February 2014, deadline, but also because discovery ended by mutual agreement on September 1, 2014.

The proper sanction for Plaintiff's violation of Rule 26(a) is found in Federal Rule of Civil Procedure 37(c)(1). Rule 37(c) provides, in pertinent part, that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . . In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>   (B) may inform the jury of the party's failure; and
>   (C) may impose other appropriate sanctions . . . .

*See* Fed. R. Civ. 37(c)(1). The rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless. *See id.* The purpose of this rule is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence. *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) (finding the basic purpose of Rule 26 is "preventing prejudice and surprise").

Defendants have moved to exclude the relevant evidence in this case. *See* Lost Wages Mot. 1. The Fifth Circuit has provided a four-factor test, based on Rule 37 of the Federal Rules of Civil Procedure, to determine whether this is an appropriate sanction. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see also Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999). Courts consider: (1) the party's explanation, if any, for its failure to disclose the information in a timely manner; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *See Barrett*, 95 F.3d at 380; *Tex. A&M Research Found. v. Magna Transp. Inc.*, 338, F.3d 394, 402 (5th Cir. 2003).

## A. First Factor: Plaintiff's Explanation

Plaintiff's primary argument in his defense is that he provided the equivalent information in other forms. This does not satisfy the requirements of Rule 26(a) initial disclosures. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (noting that "by its very terms, Rule 26(a) requires . . . a 'computation,' supported by documents."); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279–80 (5th Cir. 2009) (noting that the plaintiff's initial disclosures "failed to properly disclose the 'computations' for the various 'categories' of damages it" complained of

and affirming district court's decision to exclude new evidence on damages under Rule 37(c)). Moreover, Plaintiff's contention that he was unable to itemize his lost wages or wage earning capacity at the time he made his March 7, 2014, disclosures or prior to his February 2015 disclosures is unavailing. *See* Pl.'s Resp. ¶¶ 18–19. "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E). At a minimum, Plaintiff had available the amount of medical care provided to Plaintiff by the government to date. *See* Pl.'s Resp., Ex. A. Plaintiff's argument that Defendant Sanchez did not file initial disclosures is similarly not sufficient. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures . . . because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."). This factor weighs in favor of excluding the evidence.

### B. Second Factor: Possible Prejudice to Defendants

While Plaintiff's initial disclosure did not comply with Rule 26(a), Plaintiff did provide Defendants with evidence supporting the damages computations. On March 5, 2014, Plaintiff produced all of the information within his possession from William Beaumont Medical Center. *See* Pl.'s Resp. ¶ 1b. Plaintiff also produced all of the authorizations for the release of his medical records, personnel records, and tax returns to Defendants. *Id.* On June 20, 2014, Plaintiff served Defendants with business records and filed multiple notices regarding his intent to use billing records and medical records from William Beaumont Army Medical Center and Dr. Kaim. *See* ECF Nos. 34–37. On September 17, 2014, Plaintiff served Defendants with records from Mentis Neuro Rehabilitation and filed a notice of intent to introduce evidence from that facility that included the computation of medical expenses, the total amount of $215,762

with $166,242 paid off, and $49,520 written off or adjusted. *See* ECF No. 52 at 10–12. That same day, Plaintiff filed another notice related to records from William Beaumont Army Medical Center that included the computation of medical expenses with the information of total payment as of that date in the amount of $173,180.22. *See* ECF No. 53 at 53. On October 1, 2014, Plaintiff again served Defendants with supplemental records and filed another notice related to the use of Dr. Kaim's business records that included the computation of medical expenses with a total of $7,710. *See* ECF No. 61 at 12. On January 7, 2015, Plaintiffs sent a *Stowers* demand letter reiterating the lien amount. *See* Pl.'s Resp., Ex. B. Finally, on February 8, 2015, Plaintiff filed his final pretrial disclosures. *See* ECF No. 137.

Defendants cite to *CQ, Inc.* for the proposition that failure to provide damage computations until the advanced stages of litigation is almost always not harmless. *See* Lost Wages Mot. ¶¶ 18–20. However, the *CQ, Inc.* court based its decision on the plaintiff's failure to provide either the damages computations or the underlying evidence. *See CQ, Inc.*, 565 F.3d at 280. Here, Plaintiff provided the underlying evidence while failing to provide the categories of computations. In addition, the Fifth Circuit in *CQ, Inc.* also relied partly on the fact that excluding the evidence would not result in dismissal of the plaintiff's claims. *See id.* at 280 n.7. That would not be the case here as Defendants object to all damages computations provided by Plaintiff.

The purpose of Federal Rule of Civil Procedure 26 is to prevent an ambush, resulting in surprise or prejudice, of undisclosed, or untimely disclosed, evidence. *See Reed*, 16 F.3d at 85. No real prejudice exists to the opposing party in allowing the disclosing party to introduce evidence that has been in the opposing party's possession for several months if not years. *See EEOC v. Mazzanti*, Civ. A. No. 2:07CV171-B-A, 2009 WL 927426, at *2–3 (N.D. Miss. Apr. 2,

2009) ("The basic purpose of Rule 26(e) has been held to be prevent [sic] a party from being prejudicially surprised by information presented at trial.").

Here, Defendant simply cannot claim surprise. Defendants do not appear to have lacked knowledge of Plaintiff's damage claims until the eve of trial. Plaintiff's damages calculations are based solely on the medical and billing records already in Defendants possession. Defendants have seen all the information contained in these documents, and thus, the documents contain no information that would surprise or ambush Defendants in any way. On December 9, 2014, Defendants themselves filed certifications of various business records that included the earlier produced computations of medical expenses. *See* ECF Nos. 85–95. Contemporaneously, Defendants filed all of the billing records of Dr. Kaim and Mentis Neuro Rehabilitation as exhibits to some of the notices. *See* ECF Nos. 89, Ex. A at 5–7; 92, Ex. A at 5–7. Moreover, Defendants had knowledge of medical computations from other sources as far back as February 2013. *See* Pl.'s Resp., Ex. A. Finally, although Plaintiff did not properly submit the damages computation until his final supplemental disclosure in February 2015, he was under no obligation to do so because they had made the information known to Defendants during the discovery process. *See* Fed. R. Civ. P. 26(e)(1)(A) (stating that a party is required to make these disclosures and to supplement or correct them "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process* or in writing") (emphasis added). Therefore, no real prejudice exists in allowing the evidence regarding the calculation of damages. Thus, this factor supports the Court admitting the evidence.

### C. Third Factor: Curing Prejudice

This does not weigh in favor of either admitting or excluding the damages computations. Because the Court has already concluded that the Defendants will not be prejudiced by the inclusion of the Plaintiff's evidence, any continuance allowed would result in unnecessary, additional delay and increased expenses to all parties. Moreover, Defendants are not requesting a continuance to allow an opportunity to cure any alleged prejudice. *See* Defs.' Reply ¶ 6.

### D. Fourth Factor: Importance of the Evidence

As previously discussed, the evidence related to Plaintiff's damages computations is important because it is essential to Plaintiff's underlying recovery. *See CQ, Inc.*, 565 F.3d at 280 n.7. This factor weighs in favor of admitting the evidence.

### E. Barrett Factors Analysis Conclusion

In sum, two of the factors weigh in favor of the Plaintiff's evidence being admitted, one in excluding it, and one factor is neutral on the issue. The Court concludes based on the total weight of the factors that Plaintiff's oversight was harmless. Therefore, Plaintiff's evidence regarding damages calculations should be admitted into the record as evidence. Accordingly, the Court denies Defendants' Lost Wages Motion.

### III. CONCLUSION

**IT IS HEREBY ORDERED THAT** Defendants Hector Gutierrez Sanchez and Transportadora Norte de Chihuahua S.A. de C.V.'s "Motion to Exclude Evidence of Lost Wages/Wage Earnig [(sic)] Capacity and Medical Expenses" (ECF No. 140) is **DENIED**.

So ORDERED and SIGNED this 23rd day of March, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE